People v Parker (2018 NY Slip Op 05119)





People v Parker


2018 NY Slip Op 05119


Decided on July 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2018

Friedman, J.P., Gische, Kahn, Singh, Moulton, JJ.


7084 3834/09

[*1]The People of the State of New York, Respondent,
v
Latwoine Parker, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Katherine M.A. Pecore of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Gliner of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered July 29, 2014, convicting defendant, after a jury trial, of murder in the second degree and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 20 years to life, unanimously affirmed.
The court properly denied defendant's motion to suppress out-of-court and in-court identifications by an eyewitness to the shooting. Although detectives failed to preserve records of a computer-generated series of photographs [FN1] displayed to the witness, and although the witness subsequently identified defendant from a single photo, the People met their burden of establishing that the identification was confirmatory, thus rendering moot any suggestiveness in the identification procedure (see People v Rodriguez , 79 NY2d 445, 450 [1992]; People v Bryant , 253 AD2d 672 [1st Dept 1998], lv denied 92 NY2d 980 [1998]). Two detectives testified at the hearing that the eyewitness had told them he had seen defendant in the neighborhood "all the time" in the two years preceding the murder, that he was "always associated with" another man whom the eyewitness knew since childhood, and that he had been in two fights with defendant before the murder, one a month or two earlier, and one on the same day. That testimony sufficed, and testimony from the identifying witness was unnecessary under the circumstances. There is no basis for disturbing the hearing court's credibility determinations.
Defendant did not preserve any of his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. The vast majority of comments were responsive to defense counsel's attacks on the credibility of prosecution witnesses (see People v Halm , 81 NY2d 819, 821 [1993]). To the extent that a few isolated comments might be deemed error, there was no pattern of inflammatory [*2]remarks, nor any conduct so egregious as to warrant reversal (see People v D'Alessandro , 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 10, 2018
CLERK



Footnotes

Footnote 1: In addition, the evidence shows that defendant's photo was not among those included in the computer-generated array.